UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re* Petition of<br><br>UNIÓN FENOSA GAS, S.A.<br><br>For an Order to Take Discovery from The Depository Trust Company Pursuant to 28 U.S.C. § 1782 in Aid of a Foreign Proceeding | Civil Action No. 1:20-mc-188<br><br>**Declaration of Sarah Y. Walker in Support of *Ex Parte* Petition for Assistance in Aid of a Foreign Proceeding Pursuant to 28 U.S.C. § 1782** |

I, Sarah Y. Walker, hereby declare under penalty of perjury as follows:

1. I am a lawyer qualified to practice in England & Wales and a Partner at King & Spalding International LLP. I am counsel to Unión Fenosa Gas, S.A. ("**UFG**") in connection with court proceedings commenced before the Commercial Court, Queen's Bench Division of the Courts of England and Wales ("**English Court**") against the Arab Republic of Egypt ("**Egypt**") seeking to satisfy an arbitral award issued by an ICSID tribunal on August 31, 2018 worth US$ 2.013 billion (plus interest and costs) ("**Award**").

2. I am submitting this declaration in support of UFG's petition for an Order to Take Discovery from The Depository Trust Company Pursuant to 28 U.S.C. § 1782.

3. I am knowledgeable about the matters described below, and the facts stated herein are true and correct to the best of my knowledge and belief.

4. On November 19, 2018, as a result of Egypt's failure to satisfy the Award voluntarily, UFG commenced judicial enforcement proceedings in England and Wales (the "**English Proceedings**"). On December 19, 2018, pursuant to the Order of Mr Justice Males (as he then was) the Award was registered in England and Wales as if it had been a judgment of the English

Court (the "**English Recognition Order**").  Attached hereto as **Exhibit A** is a true and correct copy of the English Recognition Order.

5.     In accordance with Section 12 of the State Immunity Act 1978 and the English Civil Procedure Rules, UFG made arrangements for the English Recognition Order to be served on Egypt via diplomatic channels.  In June 2019, Egypt's counsel, Cleary Gottlieb, although in receipt of the English Recognition Order, wrote to my firm seeking to contest service of that order.  By reason of points raised in that correspondence, UFG sought and obtained two further orders of the English Court with regard to service of the English Recognition Order: the Order of Mr Justice Teare dated October 10, 2019 *inter alia* dispensing with service of the English Recognition Order, and the Order of Mr Justice Waksman dated November 15, 2019 permitting service of documents in the proceedings on Cleary Gottlieb.  Attached hereto as **Exhibits B** and **C** are true and correct copies of those orders.

6.     On December 3, 2019, Egypt applied to the English Court for the Orders of Mr Justice Teare and Mr Justice Waksman be set aside.  That application is due to be heard on June 17, 2020.  In its application and generally Egypt purports to reserve its right to assert state immunity for any purpose.

7.     Notwithstanding the pendency of Egypt's application, the Award is enforceable in England pursuant to the English Recognition Order.  Pursuant to Civil Procedure Rule 62.21(5) the English Court may only stay enforcement of an ICSID arbitral award if enforcement has been stayed under the ICSID Convention, or if an application for a stay of enforcement of that award under the Convention is pending.  While a stay of enforcement was in place under the ICSID Convention until December 17, 2019, I understand that Egypt failed to pay security upon which

2

that stay was conditioned, with the effect that the stay was formally lifted on January 24, 2020. This made the Award fully enforceable in England pursuant to the English Recognition Order.

8.      Under English law, a judgment creditor of a foreign state may execute upon any property owned by the foreign state that is in use or intended for use for "commercial purposes". Section 17(1) of the State Immunity Act 1978 provides that "commercial purposes" are purposes of transactions or activities defined in section 3(3) of the Act. Section 3(3) of the State Immunity Act 1978 defines a commercial transaction as *"(a) any contract for the supply of goods or services; (b) any loan or other transaction for the provision of finance and any guarantee or indemnity in respect of any such transaction or of any other financial obligation; and (c) any other transaction or activity (whether of a commercial, industrial, financial, professional or other similar character) into which a State enters or in which it engages otherwise than in the exercise of sovereign authority"*. Having sought and obtained the English Recognition Order in its favour, UFG qualifies as a judgment creditor of Egypt.

9.      Petitioner has learned that Egypt is required to make redemption and interest payments under its sovereign debt program which may be targeted to satisfy Egypt's outstanding debt to UFG. I understand that Egypt has issued various securities under its: (1) "U.S.$1,000,000,000 5.75% Notes due 2020" and "U.S.$500,000,000 6.875% Notes due 2040" prospectus dated April 26, 2010, filed with the Luxembourg Stock Exchange; (2) its Base Prospectus dated May 26, 2015 outlining the "Global Medium Term Notes Programme", filed with the Luxembourg Stock Exchange; and (3) its prospectus dated November 16, 2018 outlining the "Debt Security Programme", filed at the Irish Stock Exchange .

10.     The Depository Trust Company ("**DTC**") is involved in servicing the bonds issued by Egypt under these prospectuses. Notably, under these prospectuses, I understand that DTC helps

settle and clear transactions that occur between Egypt and the holders of Egypt's securities in its role as a "Clearing System" or clearing agent.

11.     Petitioner intends to move in the English Proceedings to execute the English Recognition Order against funds belonging to Egypt that will be used to service and/or redeem the Egyptian securities.  In order to determine whether the Egyptian funds are susceptible to attachment and execution in aid of the English Recognition Order, the English Court will be asked to consider and adjudicate questions pertaining to Egypt's ownership and possessory interests in those funds and apply English law to determine whether those interests leave the funds susceptible to execution.  As the last agent in the payment chain (*i.e.*, the agent immediately before the funds are actually disbursed to the noteholders), DTC is expected to have critical documents and information pertaining to the servicing and redemption of these various debt instruments. Specifically, the documents and information sought hereby from DTC govern Egypt's ownership and possessory interests, as well as the commercial nature of the funds, and will assist UFG and the English Court in determining whether there is a legal and factual basis to execute against the funds located in England.  Thus, the discovery sought from DTC will provide centrally relevant evidence that will assist both UFG, in carrying its burden, and the English Court in adjudicating the issues of fact and law that will be presented by the enforcement motions.

12.     Since DTC is a New York-based entity, it is not subject to the jurisdiction of the English Court.  Thus, this petition is the most suitable method of obtaining documents and information from DTC.

13.     Petitioner has neither requested, nor been denied similar discovery in the English Proceedings.  Further, I have no reason to believe that the English Court would not find the discovery sought hereby to be of assistance, as any evidence gathered through Section 1782

would promote efficiency in the enforcement of the English Recognition Order, and aid the English Court's ability to find facts and apply the relevant test under English law. Indeed, the English Courts' approach to the use of Section 1782 in support of English Proceedings can be broadly categorised as one of acceptance and support.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: London, England
      April 7, 2020

                                                                                       Sarah Y. Walker